UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Paul D.S. Edwards,

    Plaintiff

v.

BQ Resorts, LLC, et al.,

    Defendants

2:16-cv-01649-JAD-VCF

**Remand Order**

[ECF Nos. 5, 16, 27, 37, 38]

    Paul Edwards sues a handful of telemarketing entities for "illegal, unauthorized, unscrupulous, deceptive, and mendacious autodialed telemarking and solicitation" calls to his home and cellular telephones.[1] Although he pleads claims for violation of only Nevada state statutes, the defendants removed this case to federal court, arguing that Edwards is really pleading his claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), giving this court federal-question jurisdiction over his suit. Edwards timely moves for remand.[2] Because I find that Edwards's well-pleaded complaint does not raise a federal question, I grant Edwards's motion, remand this case back to Nevada's Eighth Judicial District Court, and deny all other pending motions as moot and without prejudice.

**Discussion**

**A.    Removal jurisdiction**

    "Federal courts are courts of limited jurisdiction,"[3] so there is a strong presumption against removal jurisdiction and "federal jurisdiction must be rejected if there is any doubt as to the right of

---

[1] ECF No. 1-1.

[2] ECF No. 5. I find this motion suitable for disposition without oral argument. L.R. 78-1. I did not consider plaintiff's proposed supplemental briefing (ECF No. 16-1) in deciding this motion.

[3] *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994).

removal in the first instance."[4]  A removing defendant always has the burden of establishing that removal is proper.[5]  A defendant may remove any action brought in state court over which the federal district courts have original jurisdiction.  "One category of cases over which the district courts have original jurisdiction are 'federal question' cases; that is, those cases 'arising under the Constitution, laws, or treaties of the United States.'"[6]

**B.     Edwards has not presented a federal question on the face of his complaint.**

"The presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[7]  Edwards's complaint contains a single true claim for relief: that the defendants' actions "are violative of" a handful of Nevada statutory provisions including but "not limited to NRS 41.600(e), 42.005, 201.255(2), 228.500–228.620, 597.812–597.818, 598.0903– 598.0999 . . . 598.0977, 599B.080–599B.145, 599B.270–599B.300 and 707.910(2)–707.920 as amended—all of which, in whole or in part, prohibit[] a business from engaging in 'Deceptive Trade Practices.'"[8]  He asserts no federal claim, nor does he allege the violation of any federal statute.

Defendants contend that Edwards's complaint nevertheless presents a federal question on its face because he repeatedly references and invokes the TCPA in his complaint.[9]  But a review of the complaint's pages that defendants cite for this proposition leaves me unpersuaded.  In their petition for removal and again in their opposition to the motion to remand, Defendants cite the complaint at page 35 at lines 19-20, but there is no reference in those lines to the TCPA or anything resembling

---

[4] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[5] *Id.*

[6] *Metropolitan Life Ins. Co. v. Taylor*, 107 S.Ct. 1542 (1987) (citing 28 U.S.C. §1331).

[7] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citation omitted).

[8] ECF No. 1-1 at 67, ¶ 232.  Edwards also pleads an injunctive relief "claim" as his second claim for relief, but injunctive relief is a remedy, not an independent cause of action.

[9] ECF No. 1 at 3.

it.[10] They reference pages 53, 56, and 58, but the only statute referenced on those pages is "the FTC Act, 15 U.S.C. § 44" and its definition of "commerce."[11]

Only on pages 61 and 62 does the plaintiff reference the TCPA, but just to clarify the terms he uses in his factual recitations. And "[t]he mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists."[12] Because Edwards's TCPA-related references are found in just 5 paragraphs in a 242-paragraph complaint and used only to define terms, I cannot conclude that this sprinkling of incidental references transformed what is clearly intended as a state-law-only case into a federal one.[13] "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."[14]

**C.    Defendants have demonstrated no other basis for removal.**

The absence of a federal question on the face of the complaint may not preclude the court from finding a basis for federal jurisdiction. A complaint that does not raise a federal claim on its face may give rise to federal-question jurisdiction if: (1) federal law completely preempts a state-law cause of action (complete preemption),[15] (2) a state-law claim raises a substantial federal question (substantial federal question),[16] or (3) the plaintiff attempts to avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim

---

[10] ECF No. 1-1 at 36.

[11] *Id*. at 54.

[12] *Easton v. Crossland Mortg. Corp*., 114 F.3d 979, 982 (9th Cir. 1997).

[13] *See, e.g., Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) (declining to find that state-employment-law plaintiff pled a Title VII claim despite "direct and indirect references to Title VII in [his] two state law causes of action").

[14] *Easton*, 114 F.3d at 982 (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986)).

[15] *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183–84 (9th Cir. 2002).

[16] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

(artful pleading).[17]  Defendants have not demonstrated that any of these exceptions apply here.

Complete preemption is an "independent corollary" to the well-pleaded complaint rule.[18]  It arises only in "extraordinary" situations and only when "Congress clearly manifest[s] an intent to convert state[-]law claims into federal-question claims."[19]  The United States Supreme Court has identified only three federal statutes that qualify: ERISA, the Labor Management Relations Act, and the National Bank Act.[20]  Defendants have not even attempted a meaningful showing that the TCPA should be added to the list of completely preemptive federal statutes.

Nor can it be said that the plaintiff's incidental references to the TCPA raise a substantial federal question.  For a federal question in a state-law claim to trigger federal jurisdiction, the federal issue must be: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the congressionally approved federal-state balance.[21]  Defendants have not shown that the handful of TCPA definitions that Edwards references are necessary to his state-law theories or that they qualify as a "substantial" issue in this case.  So I do not find federal jurisdiction based on a substantial federal question.

Finally, defendants have also not shown that the plaintiff artfully omitted allegations of federal law that are essential to the establishment of his claim in this case.  Instead what is clear is that the plaintiff brings—and intends to bring—his dispute under state-law theories only.  Whether he can prevail on those theories is not for me to decide today.  It is well-settled that "[t]he plaintiff is the master of his . . . complaint and may avoid federal jurisdiction by exclusive reliance on state law."[22]  And that is precisely what Edwards has done here.

The result is that this court lacks jurisdiction to hear this case.  Because this case must be

---

[17] *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).

[18] *Caterpillar Inc.*, 482 U.S. at 392.

[19] *Wayne*, 294 F.3d at 1183–84.

[20] *Retail Property Trust*, 768 F.3d at 947–48, n.5.

[21] *Grable*, 545 U.S. at 314–14.

[22] *Easton*, 114 F.3d at 982.

remanded back to Nevada state court, I deny all other pending motions without reaching their merits and without prejudice to their refiling in state court.

## Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion to Remand **[ECF No. 5] is GRANTED**, **and this case is remanded to Nevada's Eighth Judicial District Court, Case No. A-16-738174-C.**

IT IS FURTHER ORDERED that all other pending motions **[ECF Nos. 16, 27, 37, 38] are DENIED as moot and without prejudice to their refiling in state court, and ALL HEARINGS ARE VACATED.**

The Clerk of Court is directed to CLOSE THIS CASE.

Dated this 23rd day of November, 2016.

_____
Jennifer A. Dorsey
United States District Judge